669 So.2d 283 (1996)
Michael W. SONTAG and Donna Sontag, husband and wife; and Vasilios Birlidis, an individual, Appellants,
v.
STATE of Florida, DEPARTMENT OF BANKING AND FINANCE, Appellee.
Nos. 95-241, 95-255.
District Court of Appeal of Florida, Third District.
February 7, 1996.
Rehearing Denied March 27, 1996.
Semet, Lickstein, Morgenstern, Berger, Friend, Brooke & Gordon and Paul S. Berger, Coral Gables; Shubin & Bass and John K. Shubin, Miami, for appellants.
Robert F. Milligan and Deborah Guller, Miami, for appellee.
Before BASKIN, LEVY and GODERICH, JJ.
PER CURIAM.
On March 24, 1992, the trial court, in an eviction action brought by Michael and Donna Sontag against Vasilios Birlidis, entered a final judgment in favor of the Sontags awarding compensatory damages in the amount of $105,000.00 and punitive damages in the amount of $475,000.00. Pursuant to section 768.73(2)(b), Florida Statutes (1991),[1] the trial court specifically ordered that sixty percent of the $475,000.00 award of punitive damages be paid to the State of Florida, General Revenue Fund.
In September of 1993, unbeknown to the State of Florida, Department of Banking and Finance [Department], the judgment debtor, Birlidis, and the judgment creditors, the Sontags, *284 entered into a settlement agreement. The settlement agreement eliminated the award of punitive damages and provided as follows:

a. Compensatory damages ........... $105,000.00
b. Interest on Compensatories ..... $ 18,500.00
c. Attorney's fees ................ $214,500.00
d. Buy down rent on related
 matter ....................... $162,000.00
 ___________
 $500,000.00

The judgment creditors entered a full satisfaction of judgment in October 1993, without the Department's knowledge or agreement.
Subsequently, the Department brought suit to recover its sixty percent share of the award of punitive damages as provided by the final judgment dated March 24, 1992. The trial court granted summary judgment in favor of the Department, and in effect, declared that the settlement agreement and the satisfaction of judgment were a subterfuge to dispossess the Department of its portion of the award of punitive damages.
Because we believe this is the appropriate disposition of this case, we affirm the summary judgment.
Affirmed.
LEVY and GODERICH, JJ., concur.
BASKIN, Judge (dissenting).
I would reverse the summary judgment. The trial court entered summary judgment granting the State of Florida, Department of Banking and Finance, 60% of a $475,000 punitive damage award. The trial court's ruling is contrary to section 768.73(3), Florida Statutes (1991), which provides that the State is entitled only to a share of the punitive damages collected. Here, the plaintiff in the original action did not collect any punitive damages. The parties entered into a settlement agreement which did not provide for payment of punitive damages. Because section 768.73[2] does not provide for the Department to share in the settlement, I would reverse.
In any event, the Department concedes that it requested only 60% of $409,482.76; the summary judgment, therefore, should be amended to correct the amount awarded.
NOTES
[1] Section 768.73(2), Florida Statutes (1991) provides as follows:

(2) In any civil action, an award of punitive damages shall be payable as follows:
(a) Forty percent of the award shall be payable to the claimant.
(b) If the cause of action was based on personal injury or wrongful death, 60 percent of the award shall be payable to the Public Medical Assistance Trust Fund; otherwise, 60 percent of the award shall be payable to the General Revenue Fund.
[2] Although the legislature amended section 768.73 to state that the original parties to an action must provide for a share to the State in any settlement agreement, § 768.73(4), Fla.Stat. (Supp.1992), the Department agrees that the amendment is inapplicable to this case.